JUSTICE KOONTZ, with whom CHIEF JUSTICE CARRICO and JUSTICE COMPTON
join, dissenting.
I respectfully dissent.
In my view, the trial court correctly determined that the facts alleged and those impliedly alleged in Katrina Q. Plummer’s motion for judgment are insufficient, as a matter of law, to support her legal conclusion that Dr. Roque Gerald, her psychologist, acted within the *239 scope of his employment with Center Psychiatrists, Ltd. when he “seduced [her] into an act of sexual intercourse.” Accordingly, I disagree with the majority’s conclusion that Plummer’s allegations present a jury issue and that Commercial Business Systems v. BellSouth, 249 Va. 39, 453 S.E.2d 261 (1995), is dispositive of this appeal.
Surely it is undisputed that sexual intimacy between professional counselors and their clients is unethical, has no place in the therapy process, and is universally condemned. See, e.g., American Psychological Association, Standard 4.05 (1992) (“Psychologists do not engage in sexual intimacies with current patients or clients”). Although we have not previously addressed a case involving a sexual assault by a counselor in violation of these accepted standards to determine the liability of the counselor’s employer under the doctrine of respondeat superior, I agree with the majority that the critical issue becomes whether the employee was acting within the scope of his employment when he committed the tortious act.
Our cases have made it clear that the employer is not a surety for the conduct of the employee. Rather, we have said
“[An employer] is not liable for every wrong which [an employee] may commit during the continuance of an employment. ... If the [employee] steps aside from his [employer’s] business and is engaged in an independent venture of his own, the relation of [employer] and [employee] is for the time suspended. The test is whether the act complained of was done in the course of the [employee’s] employment, or outside of it.”
Abernathy v. Romaczyk, 202 Va. 328, 332, 117 S.E.2d 88, 91 (1960) (quoting McNeill v. Spindler, 191 Va. 685, 694-95, 62 S.E.2d 13, 18 (1950)).
In Tri-State Coach Corp. v. Walsh, 188 Va. 299, 49 S.E.2d 363 (1948), we noted that: “the exact line of demarcation between what acts are within the scope of employment and what are not is, at times, difficult of ascertainment. The inferences to be drawn from the facts proved are often within the province of the jury.” Id. at 308, 49 S.E.2d at 367. In Kensington Associates v. West, 234 Va. 430, 362 S.E.2d 900 (1987), we further explained:
when the undisputed evidence shows that an employee’s deviation from his employer’s business is slight and not unusual, or, on the other hand, great and unusual, a court shall determine, as a matter of law, whether the employee was acting in the scope *240 of his employment. When, however, the evidence places the case between these two extremes, the issue is for a jury.
Id. at 433, 362 S.E.2d at 902.
Assuming that all the allegations in Plummer’s motion for judgment are true, they clearly establish that Dr. Gerald’s “seduction” of Plummer was not an act intended by him to advance or maintain his employer’s business. It is equally clear that in undertaking that seduction, Dr. Gerald must have stepped aside from the business of Center Psychiatrists, Ltd. and that he engaged in an independent venture of his own. Under such circumstances, and as we held in Kensington Associates, a jury issue was not presented and the trial court correctly determined that Dr. Gerald’s act was a “great and unusual” deviation from his employer’s business and, thus, not committed within the scope of his employment as a matter of law.
Our decision in Commercial Business Systems does not dictate a contrary conclusion. There the tortious act of the employee was committed while the employee was performing the duties of his employment and in the execution of the services for which he was employed. Thus, we held that the facts presented a jury issue whether he acted within the scope of his employment when he committed the wrongful acts. In the present case, the deviation from the employer’s business is so extreme that no jury issue is implicated.
In short, while the limits of the scope of employment in a given case may be sufficiently broad to include various willful and malicious acts of the employee, a sexual assault upon a client by a professional counselor or psychologist falls well beyond that scope as a matter of law.
Finally, I am compelled to relate that the majority of our sister jurisdictions are in accord with the view I would take of this appeal. See, e.g., P.S. and R.S. v. Psychiatric Coverage, Ltd., 887 S.W.2d 622, 625 (Mo. Ct. App. 1994) (adopting majority view and citing exemplar decisions, Id. at n.4); Sharples v. State, 793 P.2d 175, 176-77 (Haw. 1990) (respondeat superior does not apply even though counselor maintained sexual intercourse “was part of his therapy,” Id. at 176 n.1). See generally Russell G. Donaldson, Annotation, Liability of Hospital or Clinic for Sexual Relationships with Patients by Staff Physicians, Psychologists, and Other Healers, 45 A.L.R.4th 289 (1986).
For these reasons, I would affirm the judgment of the trial court.