215 N.J. Super. 561 (1987)
522 A.2d 483
ANN E. COSGROVE AND ALLEN COSGROVE, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
H. DAVID LAWRENCE, DEFENDANT-APPELLANT, AND STATE OF NEW JERSEY DEPARTMENT OF INSTITUTIONS AND AGENCIES, DEFENDANT, AND COUNTY OF SOMERSET AND RICHARD HALL COMMUNITY HEALTH CENTER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1987.
Decided March 10, 1987.
*562 Before Judges FURMAN, DREIER and STERN.
Karen Ann Kubulak argued the cause for appellants Ann E. Cosgrove and Allen Cosgrove (Garruto, Galex & Cantor, attorneys; Bryan D. Garruto, of counsel).
William W. Voorhees, Jr., argued the cause for appellant H. David Lawrence (Voorhees & Stein, attorneys; William W. Voorhees and Diane M. Acciavatti, on the brief).
Michael S. Feldman argued the cause for respondents County of Somerset and Richard Hall Community Mental Health Center (Ozzard, Rizzolo, Klein, Mauro, Savo & Hogan, attorneys; Michael S. Feldman and Arthur D. Fialk, on the brief).
PER CURIAM.
We affirm substantially for the reasons stated by Judge Arnold in his opinion published at 214 N.J. Super. 670 (1986) (decided Aug. 15, 1986). We differ with Judge Arnold only in that we would rest our decision primarily on defendants' immunity from vicarious liability in accordance with the definition of "scope of employment" in Restatement, Agency 2d § 228(1)(a) at 504 (1958):
(1) Conduct of a servant is within the scope of employment if, but only if:
(a) it is of the kind he is employed to perform;
See DiCosala v. Kay, 91 N.J. 159, 169 (1982), approving the Restatement definition.
*563 Defendant Lawrence was employed by codefendants, both public entities, to perform therapy as a social worker therapist. He engaged several times in sexual intercourse with plaintiff, his client, over more than a year. Sexual relations between him and plaintiff violated the Code of Ethics of the National Association of Social Workers, were not an accepted therapy technique and were prohibited by his employers. In his deposition Lawrence admitted that sexual relations with his client constituted improper conduct on his part, were "never meant to be part of therapy," could not be justified as part of therapy, and were not used "as a treatment technique in any way." He answered "Nothing" to the question what he thought he would accomplish "by having a sexual relationship with her."
We agree with Judge Arnold that, as a matter of law, sexual relations with plaintiff were not conduct of the kind he was employed to perform within the scope of his employment.[1] In the absence of a prima facie showing of vicarious liability, the issue of immunity under the Tort Claims Act, N.J.S.A. 59:2-10, for "willful misconduct" of a public employee need not be reached.
Codefendants have cross-appealed from the denial of their motion for summary judgment dismissing the cause of action against them for negligent supervision of Lawrence. We reject their argument as clearly without merit; a factual issue of primary liability was raised on the record, including the expert opinions of Dr. Willis and Dr. Yaker, see Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75 (1954); DiCosala, supra 91 N.J. at 172.
Affirmed.
NOTES
[1] We do not preclude vicarious liability for sexual relations between an employee therapist and a client upon a showing that sexual relations met prevailing professional standards as an acceptable method of therapy and that the employee therapist intended them to combat depression or even to prevent suicide. No such showing was made in the record on this appeal.