CAROLINE SHARPLES, Plaintiff–Appellant, v. STATE OF
HAWAII, WILLIAM F. MCCOOK, JOHN DOES 1–5,
JOHN DOE CORPORATIONS 1–5, JOHN DOE PART-
NERSHIPS 1–5, ROE PARTNERSHIPS 1–5, and ROE
GOVERNMENTAL 1–5, Defendants–Appellees

NO. 13966

(CIV. NO. 85–0605(3))

JUNE 4, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON
OF VACANCY*

---

* Retired Justice Nakamura heard oral argument in this case pursuant to a
general order temporarily assigning him to a vacancy on the court. The vacancy
was filled on March 9, 1990, upon the swearing in of Justice Moon. HRS § 602–10
provides:

> After oral argument of a case, if a vacancy arises or if for any other reason a
> justice is unable to continue on the case, the case may be decided or dis-
> posed of upon the concurrence of any three members of the court without
> filling the vacancy or the place of such justice.

OPINION OF THE COURT BY LUM, C.J.

Plaintiff–Appellant Caroline Sharples appeals from a grant of summary judgment in favor of Defendant–Appellee the State of Hawaii. Sharples claims in her suit that psychiatrist Dr. William F. McCook, a State employee, had sex with her while she was McCook's patient, and that the State is liable under a theory of respondeat superior for injuries caused to her by reason of the sex. We agree with the court below that summary judgment is appropriate.

## A.

When reviewing a grant of summary judgment, the standard to be applied by the appellate court is identical to that employed by the trial court; the inferences to be drawn from the underlying facts alleged in the materials (such as depositions, answers to interrogatories, admissions and affidavits) considered by the court in making its determination must be viewed in the light most favorable to the party opposing the motion. *Miller v. First Hawaiian Bank*, 61 Haw. 346, 349, 604 P.2d 39, 41 (1979).

The facts as presented by Appellant Sharples, the party opposing the motion, are as follows. Sharples sought psychiatric care

with the State's Maui Psychiatric Clinic in the summer of 1983. At that time, McCook was an employee of the State, and had been since 1982. A psychiatrist–patient relationship was established between McCook and Sharples. During the parties' professional relationship, at McCook's residence, Sharples was induced by McCook to engage in sexual relations with him. McCook thought that sexual relations with Sharples was in furtherance of therapy.[1] Immediately after this sexual encounter, McCook severed all relationships with Sharples. Sharples was caused additional psychiatric harm by McCook's swift entry in an affair and abrupt termination of it.

Sharples argues that material factual disputes include: (1) whether the conduct of McCook was foreseeable by the State or necessarily in the furtherance of the State's business or interest; (2) whether the tortious conduct of McCook was part of his professional care [therapy] for Sharples; and (3) whether the conduct of McCook was ratified by the State by not recording McCook's conduct in Sharples' medical records.

### B.

We reject Sharples' argument that factual issues preclude summary judgment. The State is not vicariously liable for the harm caused by Dr. McCook. For the State to be liable under the doctrine of respondeat superior, McCook's acts must have been within the scope of his employment. We hold McCook's behavior, was as a matter of law, not within the scope of his employment.

The most closely analogous case brought to the attention of this court, ***Cosgrove v. Lawrence***, 215 N.J. Super. 561, 522 A.2d

---

[1] This inference is supported by the fact that in his deposition, Dr. Licht, a colleague of McCook at the Maui clinic, reported that McCook had "rationalized that it [having had sexual intercourse with Sharples] was therapeutic, that it was part of his therapy with her[.]"

483 (App. Div. 1987), held that summary judgment was appropriate. In *Cosgrove* a social worker therapist employed by the County of Somerset and the Richard Hall Community Mental Health Center, both public entities, engaged in sexual relations with a patient. As is reported in the lower court's opinion, the therapist characterized his actions as being in pursuit of his employer's ends. *See Cosgrove v. Lawrence*, 214 N.J. Super. 670, 674, 520 A.2d 844, 846 (Law Div. 1986). The appellate court agreed with the lower court that, as a matter of law, such conduct is not within the scope of employment so as to subject the employer to respondeat superior liability. We adopt the rule of law put forth by the New Jersey Superior Court in *Cosgrove*.

## C.

We also reject Sharples' argument that she can recover under a ratification theory. The employer's liability under a ratification theory requires that the act complained of be done on behalf of or under the authority of the employer, and there must be clear evidence of the employer's approval of the wrongful conduct. *Costa v. Able Distribs., Inc.*, 3 Haw. App. 486, 490, 653 P.2d 101, 105 (1982). Nothing in the record tends to show employer ratification of McCook's conduct.

Thus, the summary judgment was correctly granted.

Affirmed.

*Peter Cahill* (*James Krueger* and *Timothy P. McNulty* on the briefs) for Appellant Sharples.

*Gale L. F. Ching* (*Laurence K. Lau* with him on the brief), Deputy Attorneys General, for Appellee State of Hawaii.