## CIRCUIT COURT OF SMYTH COUNTY

Sandra Kinder

v.

Jimmy Boyles et al.

Case No. (Law) 96-5102

Lori Delp

v.

Jimmy Boyles et al.

Case No. (Law) 96-5101

May 28, 1997

BY JUDGE CHARLES H. SMITH, JR.

This matter is before the court for decision upon the demurrers and special pleas filed herein by the defendants. The court conducted an *ore tenus* hearing on the issues on February 22, 1997, and took the matter under advisement to allow counsel to file memoranda in support of their respective positions. The court has received and reviewed the memoranda along with the pleadings and considered all of same in light of counsel's arguments made at the hearing. In consideration of all of which, the court finds as follows.

The plaintiffs, who were employees of Southwestern Virginia Mental Health Institute, an agency of the Commonwealth, filed these lawsuits simultaneously on April 4, 1996, seeking damages on account of certain tortious conduct allegedly committed against them by the defendants for which they claim physical and emotional injury. Amended motions for judgment containing essentially the same allegations were filed on June 20,

1996. Specifically, the plaintiffs contend that the defendant, Boyles, who was an employee of Southwestern Virginia Mental Health Institute at the time, committed sexual battery on them on separate occasions when they accompanied him to transport patients, which was one of his duties. The plaintiffs contend that the defendant, Lester, who was their supervisor at the hospital at the time, carelessly and negligently subjected them to peril by requiring them to accompany the defendant, Boyles, to transport patients although she was aware of complaints made previously by two female patients that they had been sexually assaulted by the defendant, Boyles. An investigation had cleared Boyles of these allegations. Although the plaintiffs did not immediately report these incidents to their supervisor, the defendant Lester, they contend that, when it was revealed to her, she negligently failed to take any action or make any reports to management in spite of being required to do so by Virginia State Policy. The plaintiffs contend that the Commonwealth and the hospital were guilty of gross and wanton negligence for failing to dismiss the defendant, Boyles, from their employ after investigation of the allegations made by the two female patients, thereby subjecting them to his propensity for sexual misconduct. Finally, the plaintiffs contend that the defendant, Lester, failed to follow a public policy of the state which resulted in the intentional infliction of emotional distress upon them by fellow employees allegedly in retaliation for their having reported Boyles.

The defendants, Commonwealth of Virginia and Southwestern Virginia Mental Health Institute, have both filed pleas of sovereign immunity and the Workers' Compensation Act to the amended motions for judgment. (The latter plea was dropped at the hearing.) The defendant, Lester, has demurred to the amended motions for judgment on the grounds that the pleadings fail to state any legally cognizable cause of action against her as there was no duty or liability on her under the facts alleged. She also filed a plea of sovereign immunity.

As a general proposition, under the doctrine of *respondeat superior*, an employer is normally liable for the tortious acts of his employee if the employee was performing the employer's business and acting within the scope of his employment when the acts were committed. Once the employment relationship is established, the burden is upon the employer to show that the employee was not acting within the scope of employment. As the Supreme Court stated in the case of *McNeill v. Spindler*, 191 Va. 685 (1950):

> Generally, an act is within the scope of employment if (1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although

mistakenly or ill-advisedly, with the intent to further the employer's interests, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business and did not rise wholly from some external, independent, and personal motive on the part of the employee to do the act upon his own account.

In most instances, where the deviation is slight and not unusual, the employee was acting within the scope of his employment as a matter of law. If the evidence is conflicting, a jury question is presented. It is only in those instances where the employee's deviation is great and unusual that the court may rule it outside the scope of employment as a matter of law. A close reading of the allegations in the amended motion for judgment and lending thereto all reasonable inferences and deductions leads the court to the conclusion that the employee, Boyles, was acting well outside of the scope of his employment at the time of the acts complained of, thereby absolving his employer, the hospital and the Commonwealth, from any liability. The plaintiffs, in their memoranda, rely heavily upon the recent case of *Plummer v. Center Psychiatrists, Ltd.*, 252 Va. 233 (1996). In that case, a psychologist, employed by the defendant, committed a sexual act upon a patient whom he was treating. The trial court sustained the defendant's demurrer, and the Supreme Court reversed on appeal remanding the issue for determination by a fact-finder. The case is distinguishable from the case at bar. In that case, the psychologist, an employee of the defendant, committed the act complained of on a patient of the defendant during a therapy session. The allegations in that motion for judgment were that a psychologist knew the plaintiff was suffering from suicide ideation and depression and that he was able through his education, experience, and knowledge of the plaintiff to overcome her will so that she was unable to act with volition, a very different factual scenario from the one at bar. The plaintiffs here were fellow employees of the defendant, Boyles. Boyles' only duty was to drive the van to transport patients. He had no supervisory authority over the plaintiffs. He was in no position to exercise any authority or control over them. His detour from his stated course in an effort to sexually molest the plaintiffs was significant and outrageous. His acts were independent and personally motivated for his own self-gratification and excitation. Boyles' acts were clearly outside the scope of his employment, and thus, the doctrine of *respondeat superior* does not apply.

Counts 2 and 3 of the amended motions for judgment seek to impose liability upon the defendants for failure to conduct a thorough and competent investigation of the defendant, Boyles, for failure to dismiss the defendant, Boyles, from his position, and for failure to implement a public policy of the

Commonwealth. They also contend that the defendants are liable for emotional distress intentionally inflicted upon the plaintiffs by other female employees. As correctly noted by the defendants, these allegations are governed by the ruling in the case of *Chesapeake and Potomac Tel. Co. v. Dowdy*, 235 Va. 55 (1988). In that case, the Supreme Court stated:

> There can be no actionable negligence unless there is a legal duty, a violation of the duty, and a consequent injury … . In Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances, and we will not create one here.

If the defendant, Lester, violated a job duty she owed to her employer with regard to supervision of her subordinates or implementation of a state policy, that was a matter to be resolved between Lester and her employer. The court will rule for the defendants on these counts as well.

Given these rulings by the court, which effectively dismiss all counts against the defendants Lester, the hospital, and the Commonwealth, the court will decline to address the issue of sovereign immunity.