UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAMELA A. DOYLE-PENNE,
Plaintiff-Appellant,

v.

No. 99-2101

MARYAM R. MUHAMMAD; UNITED
STATES OF AMERICA,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge;
Gerald Bruce Lee, District Judge.
(CA-99-862-A)

Argued: June 7, 2000

Decided: August 4, 2000

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brian Wayne Cubbage, PALEOS & KRIEGER, P.C.,
Alexandria, Virginia, for Appellant. Leslie Bonner McClendon,
Assistant United States Attorney, Alexandria, Virginia, for Appellees.

**ON BRIEF:** Helen F. Fahey, United States Attorney, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This suit arises from a workplace dispute between two federal employees. Because the altercation occurred within the scope of employment, the district court substituted the United States as party defendant. The district court then dismissed plaintiff's various claims. Finding no error, we affirm.

I.

On December 21, 1998, Pamela Doyle-Penne and Maryam Muhammad engaged in a workplace altercation. At the time, Doyle-Penne was employed as a GM-13 Project Manager with the United States Department of Defense, Office of Economic Adjustment, in Arlington, Virginia. Muhammad was employed in the same office as a GS-7 Management and Program Assistant. Part of Muhammad's duties included answering telephone calls.

The underlying dispute occurred during normal business hours. Doyle-Penne was on the telephone when Muhammad rang her over the intercom. Muhammad told Doyle-Penne that a call was waiting for her on another line. Muhammad hung up before Doyle-Penne could tell her that she was not available to take the call. Doyle-Penne objected to Muhammad's curt manner in transferring the call. She proceeded down the hall to discuss with Muhammad the proper man-ner of handling intra-office telephone calls. The conversation's level of civility quickly deteriorated. Doyle-Penne contends that Muham-mad pointed her finger at her face, saying: "Don't you raise your

2

voice at me." Doyle-Penne admits that, at this point, she "swatted" Muhammad's finger away from her face. Doyle-Penne alleges that Muhammad responded by pinning her against an office wall and repeatedly punching her in the chest.

Doyle-Penne initiated two suits against Muhammad in Virginia state court. The first suit alleged common-law torts of assault and battery. The second suit requested an injunction against further abuse by Muhammad. Both suits were subsequently removed to federal district court.

The United States moved to substitute itself as defendant in the tort suit pursuant to 28 U.S.C. § 2679(d)(1) (1994). The United States certified that Muhammad was acting within the scope of her employment at the time the altercation occurred. The district court granted the government's motion and dismissed Doyle-Penne's tort claims against Muhammad. The court then granted the United States' motion to dismiss the tort claims against the government. The district court determined that the government had not waived its sovereign immunity for intentional torts. See Federal Torts Claims Act, 28 U.S.C. § 2680(h) (1994).

The district court also allowed Doyle-Penne to amend her complaint to allege constitutional tort claims against Muhammad in her personal capacity. The amended complaint alleged that Muhammad's conduct violated Doyle-Penne's Fourth, Fifth, and Eighth Amendment rights. The district court granted the United States' motion to consolidate the second suit (seeking an injunction) with Doyle-Penne's amended complaint. The United States then moved to dismiss the amended complaint. The court granted the motion after finding that Doyle-Penne's allegations, even if true, did not rise to the level of a constitutional tort. The district court also dismissed Doyle-Penne's request for equitable relief. Doyle-Penne appeals.

II.

A.

Doyle-Penne contends that the district court erred in substituting the United States as party defendant because Muhammad was not act-

3

ing within the scope of her employment during the altercation. We disagree. Virginia respondeat superior law governs this determination because the altercation occurred in Arlington, Virginia. See Gutierrez de Martinez v. DEA, 111 F.3d 1148, 1156 (4th Cir. 1997) (citing Jamison v. Wiley, 14 F.3d 222, 227 n.2 (4th Cir. 1994) ("[W]hether particular conduct was `within the scope of employment' for purposes of Westfall Act immunity was to be determined not by reference to a uniform body of federal common law, but by reference to the respondeat superior law of the state in which the conduct occurred.")).

Virginia courts construe scope of employment broadly, holding that even intentional torts may be within the scope of employment. See Plummer v. Center Psychiatrists, Ltd., 476 S.E.2d 172, 174-75 (Va. 1996); Commercial Business Sys., Inc. v. BellSouth Servs., Inc., 453 S.E.2d 261, 266 (Va. 1995). Since employers rarely instruct their employees to commit intentional torts, Virginia law does not focus the scope-of-employment inquiry on the motive of the employee who committed the tort. Instead, Virginia law considers whether the events that led to the tort naturally could have arisen out of the employee's performance of his duties. See Commercial Business Sys., 453 S.E.2d at 266.

This dispute arose out of Muhammad's performance of her duties. The dispute occurred during a normal business day, inside the offices of the Department of Defense where both parties were employed. The altercation was caused by Muhammad transferring a telephone call to Doyle-Penne. Transferring calls was part of Muhammad's job. Indeed, few things are as synonymous with office routine as the use of the telephone system. Finally, the dispute occurred when Doyle-Penne, a more senior employee, attempted to correct a deficiency in Muhammad's performance of her job.

Having correctly concluded that Muhammad's conduct was within the scope of her employment, the district court substituted the United States as party defendant. The district court then properly dismissed Doyle-Penne's common-law tort claims of assault and battery. The Federal Torts Claims Act states plainly that the government does not waive its sovereign immunity for intentional torts. See 28 U.S.C. § 2680(h) (1994) ("The provisions of this chapter . . . shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment,

4

. . . ."). Indeed, Doyle-Penne conceded as much before the district court.

B.

In addition, Doyle-Penne argues that the district court erred in dismissing her constitutional tort claims. We disagree. Doyle-Penne's constitutional claims are little more than embellished versions of her common-law tort claims. The district court examined each of these constitutional claims and correctly rejected her various attempts at artful pleading. See Daniels v. Williams, 474 U.S. 327, 332 (1986) ("Our Constitution . . . does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society."). With respect to Doyle-Penne's individual constitutional claims, we adopt the reasoning of the district court in rejecting each of them. See Doyle-Penne v. Muhammad, No. 99-722-A (E.D. Va. July 30, 1999).

C.

Finally, Doyle-Penne argues that the district court improperly dismissed her claim for equitable relief. We disagree. Injunctions are an extraordinary remedy issued to prevent future wrongs. See WTAR Radio-TV Corp. v. Virginia Beach, 223 S.E.2d 895, 898 (Va. 1976). Here Doyle-Penne complains of an isolated incident, and has made no allegation that the conduct will continue to occur. While previous conduct may raise an inference that such conduct will be repeated, a "mere inference does not support an apprehension with reasonable probability such as would justify imposition of a judicial sanction." Id. at 898. Thus, the district court properly dismissed Doyle-Penne's request for equitable relief.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

5