# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2181-21
     A-2182-21
     A-2183-21

ORMOND SIMPKINS, JR.,

  Plaintiff-Appellant,

v.

SOUTH ORANGE-MAPLEWOOD
SCHOOL DISTRICT, COLUMBIA
HIGH SCHOOL, and MAPLEWOOD
MIDDLE SCHOOL,

  Defendants-Respondents,

and

NEW JERSEY DEPARTMENT
OF CHILDREN AND FAMILIES,
DIVISION OF CHILD PROTECTION
AND PERMANENCY, FAMILY
CONNECTIONS, INC., and NICOLE
DUFAULT,

  Defendants.

_____

FRANKIE JEROME,

Plaintiff-Appellant,

v.

SOUTH ORANGE-MAPLEWOOD
SCHOOL DISTRICT and
COLUMBIA HIGH SCHOOL,

Defendants-Respondents,

and

NICOLE DUFAULT,

Defendant.
_____

BRANDON HAYES,

Plaintiff-Appellant,

v.

SOUTH ORANGE-MAPLEWOOD
SCHOOL DISTRICT, COLUMBIA
HIGH SCHOOL, and MAPLEWOOD
MIDDLE SCHOOL,

Defendants-Respondents,

and

NEW JERSEY DEPARTMENT
OF CHILDREN AND FAMILIES,
DIVISION OF CHILD PROTECTION
AND PERMANENCY, FAMILY
CONNECTIONS, INC., and NICOLE
DUFAULT,

Defendants.

_____

Argued October 12, 2022 – Decided October 8, 2024

Before Judges Accurso, Vernoia and Natali.

On appeal from interlocutory orders of the Superior
Court of New Jersey, Law Division, Essex County,
Docket Nos. L-4264-21, L-4265-21 and L-4478-21.

John W. Baldante argued the cause for appellants
(Levy, Baldante, Finney & Rubenstein, PC, attorneys;
John W. Baldante and Mark R. Cohen, on the briefs).

Benjamin H. Zieman argued the cause for respondent
South Orange-Maplewood Board of Education
(Anderson & Shah LLC, attorneys; Benjamin H.
Zieman, on the briefs).

The opinion of the court was delivered by

ACCURSO, P.J.A.D.

In these three cases, in which we heard argument back-to-back and consolidate for resolution here, Ormond Simpkins, Jr., Frankie Jerome and Brandon Hayes appeal on our leave from trial court orders granting defendant South Orange-Maplewood School District's motions to dismiss with prejudice those counts of plaintiffs' complaints asserting claims for vicarious liability arising out of their alleged sexual abuse by their former teacher Nicole Dufault. Each appeal raises the same argument — that the trial court erred in

failing to recognize that our Supreme Court's holding in <u>Hardwicke v. American Boychoir School</u>, 188 N.J. 69, 101-02 (2006), adopting the aided-by-agency theory of section 219(2)(d) of the <u>Restatement (Second) of Agency</u> (1958), and the 2019 amendments to the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, have combined to make the School District vicariously liable for Dufault's sexual abuse of plaintiffs, notwithstanding it was committed outside the scope of Dufault's employment. Because we agree with the trial court that the District cannot be held liable under N.J.S.A. 59:2-2(a), the Act's vicarious liability provision, for Dufault's sexual abuse committed outside the scope of her employment, even after <u>Hardwicke</u> and the 2019 amendments to the Tort Claims Act, we affirm.

Plaintiffs have each filed multi-count complaints against the School District alleging they were sexually abused by Nicole Dufault, a language arts and special education teacher at Columbia High School while they were students during the 2013-14 school year. Plaintiffs, who were between the ages of fourteen and seventeen, allege the abuse took place on multiple occasions in Dufault's classroom during school hours as well as in her car on school grounds and elsewhere.

Plaintiffs claim Dufault altered their attendance records to excuse their absences from other classes when they were with her and favorably manipulated their grades. The abuse continued until September 2014, when a video surfaced of Dufault engaged in sexual relations with another student, and she was arrested. Plaintiffs contend she has since pleaded guilty to three counts of aggravated sexual contact, forfeited her teaching certificates and any future public employment and been sentenced to a three-year suspended prison term and parole supervision for life.

The trial court granted the District's motion to dismiss with prejudice those counts of all three complaints pleading common law claims seeking to hold the District vicariously liable for Dufault's alleged abuse.[1] The court held the Tort Claims Act's vicarious liability provision, N.J.S.A. 59:2-2(a), permits a public entity to be held liable only for those acts of its employees occurring within the scope of their employment. The court found "DuFault's alleged assault and sexual abuse of plaintiff[s] was clearly outside the scope of her

---

[1] The court also dismissed plaintiffs' claims seeking to hold the District directly liable as a passive abuser under the Child Sexual Abuse Act, N.J.S.A. 2A:61B-1(a)(1) and (b). Plaintiffs did not seek leave to appeal that ruling, and these interlocutory appeals are limited to the court's dismissal of the common law counts of plaintiffs' complaints seeking to hold the District vicariously liable for acts committed by Dufault outside the scope of her employment.

employment," being obviously beyond anything authorized by the District and not in any way actuated by a purpose to serve her employer. See Davis v. Devereux Found., 209 N.J. 269, 302-07 (2012).

We review a trial court's decision on a motion to dismiss a complaint for failure to state a claim under Rule 4:6-2(e) de novo, "affording no deference to the trial court's determination." Pace v. Hamilton Cove, 258 N.J. 82, 95-96 (2024). "Because the appeal arises on defendant['s] motion for judgment on the pleadings[,] . . . we assume the truth of the allegations of the complaint, giving plaintiff[s] the benefit of all reasonable factual inferences that those allegations support." F.G. v. MacDonell, 150 N.J. 550, 556 (1997).

Plaintiffs do not challenge the trial court's ruling that Dufault's conduct towards them was outside the scope of her employment. They reprise their argument that although "the general rule is that an employer cannot be held vicariously liable for the tortious intentional conduct of its employee when that conduct is committed outside the scope of employment . . . there are time-honored and well-recognized exceptions," including the one adopted by our Supreme Court in Hardwicke, "that in limited circumstances where remedial legislation and important public policy concerns are involved, the employer

can be held vicariously liable for its employee's intentional conduct outside the scope of employment under the Restatement (Second) of Agency § 219(2)(d)."

Plaintiffs contend Dufault sexually abused them by "leveraging her power as a teacher on behalf of the . . . District," constituting a "textbook definition of 'aided agency' as articulated in the Hardwicke decision" and section 219(2)(d). They maintain the trial court erred in failing to recognize that "plaintiffs are permitted to assert viable agency claims, including common-law vicarious liability under respondeat superior" under the aided-by-agency theory adopted by the Court in Hardwicke.

Relying on our decision in E.C. by D.C. v. Inglima-Donaldson, 470 N.J. Super. 41 (App. Div. 2021), plaintiffs further argue the District cannot rely on the immunity provided it under N.J.S.A. 59:2-10 to shield it from vicarious liability for Dufault's sexual abuse of plaintiffs because the Legislature disabled that immunity in N.J.S.A. 59:2-1.3(a)(1) in "sexual abuse cases . . . if the employee used the position of employment as an 'aided' tool of leverage to commit the sexual abuse." Plaintiffs contend that even if the District and the trial court are correct that N.J.S.A. 59:2-2(a), is a liability provision and not an immunity, the District's motion to dismiss must fail under E.C. because "it is

A-2181-21

still just an affirmative defense whereby plaintiffs' claims on this issue —

vicarious liability — can only be disposed of factually at the time of trial."

We disagree.  Plaintiffs misread our decision in E.C. and misapprehend

the meaning of the Tort Claims Act's liability provisions, specifically N.J.S.A.

59:2-2(a).  We start with Hardwicke and the Tort Claims Act.

Plaintiffs are correct the Court in Hardwicke recognized an exception to

the general rule of respondeat superior that an employer is "liable for torts of

one of its employees only when the latter was acting within the scope of his or

her employment."  Di Cosala v. Kay, 91 N.J. 159, 168-69 (1982).  Relying on

Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587, 619-20 (1993), where it had held

an employer could be vicariously liable under Restatement (Second) of

Agency § 219(2)(d)[2] for the conduct of a supervisor acting outside the scope of

---

[2]  Section 219 of the Restatement (Second) of Agency provides:

> (1) A master is subject to liability for the torts of his
>     servants committed while acting in the scope of
>     their employment.

> (2) A master is not subject to liability for the torts of
>     his servants acting outside the scope of their
>     employment, unless:

> (a) the master intended the conduct or the
>     consequences, or

his employment if it had "delegate[d] the authority to control the work environment to a supervisor and [the] supervisor abuse[d] [the] delegated authority," the Court in Hardwicke held a private boarding school qualifying as a passive abuser under the Child Sexual Abuse Act, N.J.S.A. 2A:61B-1(a)(1), could be held vicariously liable for common law claims based on conduct falling within the Act's definition of sexual abuse committed by an employee acting outside the scope of his or her employment. Hardwicke, 188 N.J. at 100-02 (quoting Lehmann, 132 N.J. at 620) (alterations in original).

Critically, the Court didn't find the sexual abuse Hardwicke claimed to have suffered occurred within the scope of his abuser's employment by the School; it found the circumstances warranted an exception to the Restatement rule that "[a] master is not subject to liability for the torts of his servants acting outside the scope of their employment." Restatement (Second) of Agency §

---

    (b) the master was negligent or reckless, or

    (c) the conduct violated a non-delegable duty of the master, or

    (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation.

9

219(2). As the Court has often noted, "[o]nly rarely will intentional torts fall within the scope of employment." Davis, 209 N.J. at 303. And crimes, particularly serious ones, "are in nature different from what servants in a lawful occupation are expected to do." Ibid. (quoting Restatement (Second) of Agency § 231 cmt. a. Restatement (Second) of Agency § 219(2)(d) on which the Court in Hardwicke relied is addressed exclusively to an employer's liability for the torts of its employees "acting outside the scope of their employment.").

That distinction, as the trial court found, is critical to plaintiffs' vicarious liability claims against the District, because the Legislature has waived the State's sovereign immunity only for "injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J.S.A. 59:2-2(a) (emphasis added). A public entity has no liability under the Tort Claims Act for the acts of its employees occurring outside the scope of their employment. Tice v. Cramer, 133 N.J. 347, 355 (1993). The 2019 Amendments to the Tort Claims Act, specifically N.J.S.A. 59:2-1.3, did not change that.

The 2019 amendments to the Tort Claims Act extended the statute of limitations for sexual assault or abuse claims against public entities in accord with the Legislature's newly enacted statute of limitations for sexual abuse claims, N.J.S.A. 2A:14-2a and -2b, and abrogated the Act's notice and filing requirements for those claims. See W.S. v. Hildreth, 252 N.J. 506, 512-14 (2023) (explaining the effect of the extended statute of limitations and the abolishment of the procedural requirements for filing claims of sexual abuse against public entities in the 2019 amendments).

There is no question but that the Court in Hardwicke held a private entity qualifying as a passive abuser under the Child Sexual Abuse Act may be held vicariously liable for common law claims alleging conduct within the Act's definition of sexual abuse committed by an employee acting outside the scope of his employment in accord with section 219(2)(d) of the Restatement. 188 N.J. at 100-02. But that a private entity may be held liable for the torts of an employee outside the scope of employment will not make a public entity similarly liable because "[t]he liability of the public entity must be found in the [Tort Claims] Act." Tice, 133 N.J. at 355; N.J.S.A. 59:2-1(a) ("Except as otherwise provided by this act, a public entity is not liable for an injury,

whether such injury arises out of an act or omission of the public entity or a public employee or any other person.").

Plaintiffs do not identify any provision of the Tort Claims Act making a public entity liable for the torts of a public employee occurring outside the scope of employment. That failure is fatal to their vicarious liability claims against the District. Plaintiffs alleging negligence against a public entity "must first establish the predicates for liability" in the Tort Claims Act "and later avoid application of any provision granting the sovereign immunity." Kolitch v. Lindedahl, 100 N.J. 485, 502 (1985) (Handler J., dissenting).

Although we agree with plaintiffs the District may not rely on the immunity afforded it in N.J.S.A. 59:2-10, providing "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct," the District does not rely on it here and doesn't need to in order to defeat plaintiffs' vicarious liability claims.

We found in E.C. that N.J.S.A. 59:2-1.3(a)(1) was silent as to the immunity provisions of the Tort Claims Act the Legislature "intended to disable" in stating

> immunity from civil liability granted by that act to a
> public entity or public employee shall not apply to an

12

action at law for damages as a result of a sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in [N.J.S.A. 2A:30B-2], or sexual abuse as defined in [N.J.S.A. 2A:61B-1] being committed against a person, which was caused by a willful, wanton or grossly negligent act of the public entity or public employee.

Notwithstanding, we concluded, N.J.S.A. 59:2-10 is an immunity that will not apply in sex abuse cases against public entities. E.C.. 470 N.J. Super. at 53-54.

The law is long-settled, however, that N.J.S.A. 59:2-10 is an immunity provided public entities "for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct" occurring within the scope of employment. See Bernstein v. State, 411 N.J. Super. 316, 330-33 (App. Div. 2010) (explaining "public entities have no vicarious liability for the willful misconduct of their employees" acting within the scope of their employment under N.J.S.A. 59:2-10); McDonough v. Jorda, 214 N.J. Super. 338, 349-50 (App. Div. 1986) (holding no vicarious liability against police department or city for police officer's willful misconduct in assault and battery on a college student incident to arrest under 59:10-2). See also Margolis and Novack, Title 59: Claims against Public Entities, cmt. 1 on N.J.S.A. 59:2-10 (2024) ("This section establishes a basis for employer

immunity once a ground is established for the employer's vicarious liability under 59:2-2(a)."). A plaintiff reaps no benefit from avoiding a statutory immunity provision, like N.J.S.A. 59:2-10, unless he has already managed to establish a predicate for liability under the Tort Claims Act. See Cosgrove v. Lawrence, 215 N.J. Super. 561, 563 (App. Div. 1987) (noting in the absence of a basis for vicarious liability under 59:2-2, the public entity's immunity under 59:2-10 is irrelevant). Plaintiffs have not identified any provision in the Tort Claims Act making the District vicariously liable for Dufault's acts outside the scope of her employment; none exists.

Finally, plaintiffs misread our opinion in E.C. in asserting we held the Tort Claims Act's vicarious liability provision, N.J.S.A. 59:2-2(a), is "just an affirmative defense whereby plaintiffs' claims on this issue — vicarious liability — can only be disposed of factually at the time of trial." Nowhere in E.C. did we address N.J.S.A. 59:2-2. Indeed, we noted specifically that we had chosen "not to consider [on interlocutory appeal] either the viability of [the] plaintiffs' claim that the board may be held vicariously liable or the impact of N.J.S.A. 59:9-2(d)" on the case. E.C., 470 N.J. Super. at 56. Moreover, a holding that N.J.S.A. 59:2-2 is an affirmative defense to public

14

entity liability would stand the Act on its head and run contrary to decades of Supreme Court precedent interpreting it.

N.J.S.A. 59:2-1(a) and (b) establish the structure of the Tort Claims Act:

> a. Except as otherwise provided by this act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.
>
> b. Any liability of a public entity established by this act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.

The 1972 Attorney General's Task Force Comment to N.J.S.A. 59:2-1 explains the Act re-established the "immunity of all governmental bodies in New Jersey" following its abrogation in Willis v. Department of Conservation and Economic Development, 55 N.J. 534 (1970). N.J.S.A. 59:1-2, declares it "to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this act," and that all its provisions "should be construed with a view to carry out" that legislative declaration. See Chatman v. Hall, 128 N.J. 394, 414 (1992) (explaining the Tort Claims Act "reestablished blanket immunity [for public entities] subject to specific provisions establishing liability").

N.J.S.A. 59:2-2(a), which provides "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances," is one of those "specific provisions establishing liability." Chatman, 128 N.J. at 414. Indeed, the Task Force Comment describes subsection (a) as the "primary source of public entity liability." Our Supreme Court has said the same. See Robinson v. Vivirito, 217 N.J. 199, 207 (2014) ("This Court has commented that vicarious liability of the public entity for the negligent act of its employee is the primary source of liability for the public entity.") (citing Tice, 133 N.J. at 355); Rochinsky v. State, Dep't of Transp., 110 N.J. 399, 409 (1988) (identifying N.J.S.A. 59:2-2(a) as one of the "three principal liability sections in the Act").

Contrary to plaintiffs' assertion, N.J.S.A. 59:2-2(a) is, both in the structure of the Act and the cases interpreting it, plainly a liability predicate not an immunity provision as to which the public entity would bear the burden of pleading and proof as an affirmative defense. See Ellison v. Hous. Auth. of City of S. Amboy, 162 N.J. Super. 347, 351 (App. Div. 1978). As our Supreme Court has held that "[t]he liability of the public entity must be found in the Act," Tice, 133 N.J. at 355, and plaintiffs have failed to identify any

provision within it that would make the District liable for the acts of an employee outside the scope of employment, the motion to dismiss plaintiffs' vicarious liability claims was properly granted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2181-21