Present:  All the Justices

LAURA MAJORANA

OPINION BY

v.  Record No. 992179     JUSTICE LAWRENCE L. KOONTZ, JR.

November 3, 2000

CROWN CENTRAL PETROLEUM CORPORATION

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
H. Selwyn Smith, Judge Designate

In this appeal, we consider issues relating to the doctrine of respondeat superior, sanctions imposed by the trial court related to the late identification of witnesses, the bifurcation of a civil trial, and jury instructions on the tort of negligent hiring.  Because these issues relate to discrete rulings made by the trial court in a voluminous record, we will address each in turn, stating the relevant facts and proceedings within the discussion.

DISCUSSION

Respondeat Superior

On January 30, 1997, Laura Majorana filed a motion for judgment against Crown Central Petroleum Corporation (Crown) and Kuldip Singh Bains.  Majorana alleged in her motion for judgment that on March 11, 1996, Bains was working as a station attendant at Crown's retail gas station in Warrenton.  The gas station has self-service gasoline pumps and a payment booth where soft drinks are also displayed for sale.  Inside this booth, a

payment counter separates customers from employees of the gas station.

Majorana alleged that she stopped at this gas station, where she was a regular customer, to purchase gasoline. When she attempted to pay for her purchase with a credit card, Bains produced a small black notebook and refused to complete the transaction unless she provided him with her telephone number. Bains told Majorana that "I tell my friends I am going to marry you." When Majorana refused to give Bains her telephone number, Bains became angry, refused to return her credit card, told her to get some sodas, and "take a break" while he attended to purchases of other customers.

Majorana further alleged that when the other customers had paid and left, Bains moved from behind the counter, lunged at her, and attempted to kiss her. He then grabbed her breasts, rubbed his body against hers, "and made an animal-like conquering scream." Bains then returned to the attendant's side of the payment counter and told Majorana that he would pay for her gas. Majorana demanded her credit card and receipt and Bains complied.

Seeking $1,000,000 in compensatory damages and $4,000,000 in punitive damages, Majorana's motion for judgment asserted various theories of liability including assault and battery and intentional infliction of emotional distress against Bains and

2

Crown, gross negligence and simple negligence against Crown for failing to maintain a safe environment for a business invitee, and negligent hiring, training, and retention of Bains against Crown. In her assertions of assault and battery and intentional infliction of emotional distress, Majorana included a claim that Crown was vicariously liable for Bains' acts performed within the scope of his employment with Crown.

Although Bains initially was represented by counsel, early in the proceedings he ceased cooperating with his counsel, who sought and was granted permission to withdraw from the case. After Bains failed to appear in further proceedings, Majorana filed a motion for default judgment against Bains, which the trial court granted.

Crown filed a demurrer to the motion for judgment challenging the legal sufficiency under Virginia law of claims for negligent training or retention, and claiming that an employer's duty of care does not go beyond the initial hiring decision. A subsequent separate motion filed by Crown sought summary judgment on the theory that Bains was not, as a matter of law, acting within the scope of his employment in the conduct which is the subject of Majorana's claims of assault and battery and intentional infliction of emotional distress. Crown asserted that when Bains moved from behind the payment counter, he was acting thereafter outside the scope of his employment and

against the interests of Crown. By order dated February 9, 1999, the trial court overruled the demurrer and the motion for summary judgment.

Crown filed a motion for reconsideration, addressing only the respondeat superior issue raised in the motion for summary judgment. Majorana, who had not previously filed any written statement of her position on this issue, filed a responding brief citing Plummer v. Center Psychiatrists, Ltd., 252 Va. 233, 476 S.E.2d 172 (1996). She contended that Plummer supported the trial court's initial finding that her motion for judgment sufficiently stated a cause of action against Crown by raising a material question of fact as to whether Bains was acting within the scope of his employment when he assaulted her. By order dated April 9, 1999, the trial court granted Crown's motion for reconsideration and entered summary judgment for Crown on the claims of assault and battery and intentional infliction of emotional distress. Majorana assigns error to this ruling and the subsequent denial of her post-trial motion for reconsideration of this issue.[1]

---

[1]Crown contends that Majorana failed to state her objection with reasonable certainty to the trial court's ruling and, thus, is barred from asserting this issue on appeal. We disagree. We have stated that when a plaintiff assigns error to the sustaining of a demurrer, recitation of her position on the issue, combined with her objection to the trial court's ruling noted on the order, these actions are sufficient to preserve the

4

Although Crown sought summary judgment on this issue, it relied exclusively on the allegations of the motion for judgment to support its argument that Bains was acting outside the scope of his employment.  Although Rule 3:18 permits a trial court to enter summary judgment on the pleadings, judgment "shall not be entered if any material fact is genuinely in dispute."  This "assures that parties' rights are determined upon a full development of the facts, not just upon pleadings."  Commercial Business Systems, Inc. v. Halifax Corp., 253 Va. 292, 297, 484 S.E.2d 892, 894 (1997).  In this procedural posture, the issue presented in this case is whether the facts alleged in the motion for judgment are sufficient to support the plaintiff's legal conclusion that the employee acted within the scope of his employment when he committed the wrongful acts against the plaintiff and, thus, raise a material question of fact not amenable to resolution by summary judgment.[2]

issue for appeal.  Luckett v. Jennings, 246 Va. 303, 306, 435 S.E.2d 400, 401 (1993).  This rationale is equally applicable here to Majorana's objection to the trial court's ruling on Crown's motion for summary judgment on the pleadings.  Moreover, having briefed the issue in a post-trial motion for reconsideration, Majorana adequately preserved the issue for review in this appeal.

[2]While Crown's motion was labeled one for summary judgment, it is apparent from the record that the trial court's ruling reflected the trial court's conclusion that Majorana's motion for judgment failed to state a legal claim, and hence treated Crown's motion as a demurrer.  The distinction between summary

In Plummer, we held that an allegation that the employee, a therapist, had engaged in an improper sexual relationship with a patient stated a cause of action against his employer under the doctrine of respondeat superior. 252 Va. at 237, 476 S.E.2d at 174. Majorana asserts on appeal, as she did below, that the rationale of Plummer applies with equal force to the allegations in her motion for judgment with respect to Crown's liability for Bains' acts. Crown notes that in Plummer there was an allegation that the therapist's "education, experience, and knowledge of the plaintiff" facilitated his seduction of the patient. Id. at 237, 476 S.E.2d at 174-75. Crown contends that the absence of similar allegations in Majorana's motion for judgment of circumstances in the employment facilitating Bains' assault materially distinguishes her pleading from the pleading in Plummer. We disagree with Crown.

In Gina Chin & Associates, Inc. v. First Union Bank, 260 Va. ___, ___ S.E.2d ___ (2000), also decided today, we have discussed in detail the necessary elements of a cause of action for liability against an employer for the willful and wrongful acts of its employee premised upon the doctrine of respondeat superior. Accordingly, we need not reiterate that discussion

judgment and demurrer is significant and well settled. However, in this case we reach the same result upon the record presented for our consideration.

6

here.  It is sufficient to say that in such cases, while the plaintiff bears the burden of persuasion on the issue whether the employee was within the scope of the employment when the act which caused the injury was committed, the plaintiff's burden of production on that issue is met by establishing the employer-employee relationship at that time.  When the plaintiff presents evidence sufficient to show the existence of an employer-employee relationship, she has established a prima facie case triggering a presumption of liability.  McNeill v. Spindler, 191 Va. 685, 694-95, 62 S.E.2d 13, 17-18 (1950).  The burden of production then shifts to the employer, who may rebut that presumption by proving that the employee had departed from the scope of the employment relationship at the time the injurious act was committed.  Kensington Associates v. West, 234 Va. 430, 432-33, 362 S.E.2d 900, 901 (1987).  If the evidence leaves in doubt the question whether the employee acted within the scope of the employment, the issue is to be decided by the jury and not as a matter of law by the trial court.  Id.; see also Plummer, 252 Va. at 235, 476 S.E.2d at 174.

While we noted in Plummer that the motion for judgment in that case contained specific allegations of circumstances that facilitated the wrongful act which caused the plaintiff's injury, these allegations were not dispositive to our decision. The sole issue in that case was whether the trial court erred by

7

holding, as a matter of law, that the motion for judgment did not state the necessary elements of respondeat superior within its factual allegations. Clearly, the motion for judgment here contains an allegation of an injury caused by the willful and wrongful act an employee committed in the course of the employer-employee relationship and within the scope of his employment. It alleges that Bains was Crown's employee, that he assaulted Majorana at his regular place of employment, and that he did so while he was performing the business of his employer for which she was the employer's customer.

Thus, as we said in Plummer, "at this stage of the proceedings, there simply are not sufficient facts which would permit us to hold, as a matter of law, that the defendant has met its burden of showing that its employee was not acting within the scope of his employment." 252 Va. at 237, 476 S.E.2d at 175. Accordingly, we hold that the trial court erred in entering summary judgment for Crown on the allegations in Majorana's motion for judgment asserting Crown's liability for assault and battery and intentional infliction of emotional distress by respondeat superior.

### Discovery Sanctions

The trial court set a discovery cutoff date of thirty days prior to December 16, 1998, the original date set for trial. On December 9, 1998, Majorana's counsel placed an advertisement in

8

a local newspaper seeking witnesses or information concerning any other known sexual assaults or similar behavior by Bains. The advertisement resembled a "wanted poster," made allegations that Bains was a sexual predator, offered a "[r]eward based on useful information provided for the current lawsuit against Crown Central Petroleum and Kuldip Singh Baines (sic)," and directed persons with information to "Call: Attorney" at two phone numbers.

Two days later, Crown filed a motion asserting that the advertisement had tainted the jury pool. Crown sought, among other things, dismissal of the case with prejudice or a change of venue. In the alternative, Crown sought a continuance of the trial date.

By order entered on December 16, 1998, the trial court held that there was a "substantial probability that this advertisement might taint the jury pool summoned" for the trial date. The trial court denied the motions for dismissal and change of venue, alternatively granting the motion for a continuance and setting a new trial date beginning on March 3, 1999. The trial court ordered that Majorana produce all notes relating to the responses to the advertisement along with the names and phone numbers of the respondents. The trial court deferred for further consideration a request by Crown that it be

9

allowed to depose the witnesses discovered through the advertisement.

Crown filed a subsequent motion to depose the witnesses found as a result of the advertisement, to exclude the testimony of any witnesses found as a result of the advertisement, and to exclude any evidence of wrongful acts by Bains which occurred after his assault on Majorana. The trial court granted this motion in its entirety and directed that Majorana bear the cost of the proposed depositions. In ruling that the testimony of witnesses discovered through the advertisement would be excluded, the trial court stated that its ruling was limited only to the witnesses being called for direct testimony, and that there was no limitation on their use as rebuttal witnesses. In a subsequent order, however, the trial court reversed its decision to exclude the testimony of these witnesses, but limited their testimony to evidence of incidents occurring before the assault on Majorana.

Majorana assigns error to the trial court's "excluding the testimony of witnesses discovered by means of the newspaper advertisement placed by plaintiff's counsel." On brief, Majorana addresses this assignment of error in a single paragraph without citation to authority and without reference to the trial court's ultimate ruling permitting the witnesses to testify, but limiting the scope of that testimony. Assuming

10

this assignment of error was intended to address the trial court's ultimate ruling, the failure to present argument on that ruling constitutes a waiver and, accordingly, we do not consider the merits of this assignment of error. See Atkisson v. Wexford Associates, 254 Va. 449, 454 n. *, 493 S.E.2d 524, 527 n. * (1997).

Majorana also assigns error to the trial court's assessing against her the cost of Crown's deposing the witnesses discovered through the advertisement. Majorana contends that the trial court lacked the authority to impose a monetary sanction in the form of discovery cost unless there was an express finding of contempt.

On brief, Crown contends that the trial court offered Majorana the option of bearing the cost of the depositions as a condition for permitting the witnesses to testify and that Majorana acquiesced to this condition. While this may be a logical inference from the trial court's reversal of its decision to exclude the witnesses entirely, the record and, specifically, the trial court's orders do not reflect this rationale for imposing the cost of the depositions against Majorana. However, neither does the record reflect, as Majorana appears to contend, that the trial court imposed the cost as a contempt sanction for placing the ethically questionable advertisement, disrupting the proceedings by the late

11

identification of witnesses, and creating a need for further discovery following the cutoff date.  Indeed, the record is mostly silent as to the rationale for the trial court's action.

Nonetheless, because our decision to reverse the trial court's ruling concerning respondeat superior will require a remand for further proceedings, we recognize that the circumstances of the further proceedings may lead the trial court to reconsider the imposition of the cost of these depositions on Majorana.  See Lake v. Northern Virginia Women's Medical Center, 253 Va. 255, 263, 483 S.E.2d 220, 224 (1997).  At the very least, the trial court will have the opportunity to amplify the record as to the basis for imposing the cost of the depositions against Majorana.  Accordingly, we express no opinion on this issue at this time, but will leave the trial court's action undisturbed pending further proceedings.  Id.

### Bifurcation of Civil Trial

After the trial court sustained Crown's demurrer to the claims of assault and battery and intentional infliction of emotional distress, Crown filed a motion to bifurcate the trial into liability and damages phases.  Crown contended that bifurcation of the trial "would be in the interests of judicial economy . . . and would streamline the proceeding."  The trial court's order granting Crown's motion was endorsed by Majorana's counsel as "objected to for the reasons noted in open court."

12

Majorana failed to provide a transcript or authorized statement of fact summarizing the argument made against Crown's motion.  In the absence of a record reflecting the reason for the objection made in the trial court, we are unable to discern whether the objection raised on appeal was properly preserved below.  Accordingly, we will not consider Majorana's assignment of error to the trial court's granting of the motion to bifurcate the trial.  Rule 5:25.

<u>Jury Instructions on Negligent Hiring</u>

At the conclusion of the evidence, Majorana proffered two instructions concerning the failure of Crown to present evidence of any background investigation of Bains at the time he was first employed.  The first instruction read:

> Under the circumstances of this case, by the failure of Crown to produce as a witness their current employee Vatos—who was the manager of Crown in Warrenton on 3/11/96—where the Bains station records were supposed to be maintained (job application etc.), to explain the absence of that record (after a request to produce has been made by Laura Majorana) you may presume that the witness would have produced testimony adverse to Crown as to the job application, or other matters.

The second instruction read:

> Under the circumstances of this case, by the failure of Crown to produce any written job application of their former employee Bains, you may presume that it was never provided by Bains, or if provided it contained adverse information about Bains, (no references).

13

The trial court refused both of these instructions. Crown proffered two instructions on negligent hiring. The first stated the elements of that cause of action. The second addressed the issue of "imputed knowledge" and stated that Majorana had the burden to show "[t]hat the investigation Crown should have conducted is one that Crown is obligated to do in the exercise of reasonable care considering both Crown's business and Bains' position as a gas station attendant." This instruction further stated that Majorana must show "[t]hat such investigation would have put Crown on notice that its hiring of Mr. Bains might reasonably lead to an assault on the plaintiff." The trial court granted both these instructions.

The jury, which was given interrogatories, returned its verdict for Crown, and Crown was dismissed from the case. The jury then considered damages against Bains and awarded Majorana $70,140 in compensatory damages and $60,000 in punitive damages.

In her third assignment of error, Majorana asserts that "[t]he trial court improperly instructed the jury on the issue of negligent hire." In her fourth assignment of error, Majorana asserts, in part, that "[t]he trial court erred in denying plaintiff's motion to reconsider the court's decisions on the issue[] of . . . the legal standard for proving negligent hire." The "motion for reconsideration" referenced by this latter

14

assignment of error was essentially a motion to set aside the jury's verdict. These assignments of error are without merit.

Majorana, relying on Southeast Apartments Management v. Jackman, 257 Va. 256, 513 S.E.2d 395 (1999), asserts that an employer is required to conduct a reasonable background investigation of a prospective employee and that the failure to do so establishes the employer's liability. Because Crown failed to produce evidence of what background investigation, if any, it undertook prior to hiring Bains, Majorana contends that she was entitled to have the jury instructed that the failure to produce such evidence raised a presumption that Crown had either failed to investigate Bains' background or had done so and discovered adverse information.

Majorana misconstrues the holding in Southeast Apartments. In that case, we held that an employer's liability for negligent hiring "is predicated on the negligence . . . in placing a person with known propensities, or propensities which should have been discovered by reasonable investigation, in an employment position in which, because of the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others." 257 Va. at 260, 513 S.E.2d at 397. We did not thereby hold that the absence of proof by the employer of a "reasonable investigation" of the employee raises a presumption that either no investigation was

conducted or that if conducted, it would have revealed that the employee posed a threat of injury to others.

To the contrary, it is a paradigm of civil trials that the burden of proof falls upon the plaintiff. In the case of a claim of negligent hiring, proof of the failure to investigate a potential employee's background is not sufficient to establish the employer's liability. Rather, the plaintiff must show that an employee's propensity to cause injury to others was either known or should have been discovered by reasonable investigation. This was the substance of the instructions proffered by Crown and given by the trial court.

The record shows that Majorana produced no evidence of what form of reasonable investigation of Bains' background Crown should have undertaken. Nor does any evidence in the record support the proposition that a reasonable investigation would have revealed that Bains had a propensity to commit assaults and, thus, posed a threat to others in his employment with Crown. Accordingly, we hold that Majorana's instructions were not correct statements of law and were properly refused by the trial court. Similarly, the trial court did not err in denying Majorana's motion to set aside the jury verdict on the ground that it had not properly instructed the jury on this issue.

CONCLUSION

For these reasons, we will reverse the trial court's entry of summary judgment for Crown on Majorana's claims of liability under respondeat superior for assault and battery and intentional infliction of emotion distress, affirm the judgment in favor of Crown on the claims of negligence, gross negligence, and negligent hiring and retention, and remand the case for further proceedings consistent with the views expressed in this opinion.

<u>Affirmed in part,
reversed in part,
and remanded</u>.

17