## CIRCUIT COURT OF ARLINGTON COUNTY

Cooper

v.

Hansbury et al.

June 18, 2001

Case No. (Law) 01-72

BY JUDGE WILLIAM T. NEWMAN, JR.

This matter comes before the Court on defendant Collection Specialists' Demurrer, argued by defendant on June 8, 2001. Counsel for plaintiff was not present for the motion, and for this reason the Court took the matter under advisement in order to fully review the pleadings. The Court has carefully considered defendant's Memorandum in Support of the Demurrer and Plaintiff's Opposition. After reviewing the relevant case law, the Court overrules the Demurrer because the Motion for Judgment adequately states a cause of action under Virginia's doctrine of *respondeat superior*.

In recent years, the Supreme Court of Virginia has altered the legal landscape for demurrer motions in *respondeat superior* cases. The Court previously held that an act is within the scope of employment when it is naturally incident to the business, is performed with the intent to further the employer's interest, and did not arise wholly from some external, independent, and personal motive on the part of the employee. *Kensington Assoc. v. West*, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987). Following the reasoning of the older cases, when undisputed evidence showed that an employee's deviation from his employer's business was "great and unusual," a court could determine, as a matter of law, whether the employee was acting in the scope of his employment." *Id.* at 433, 362 S.E.2d at 902.

However, in *Commercial Business Systems v. BellSouth Services, Inc.*, the Court narrowed the discretion of the trial judge to determine scope of

employment as a matter of law. 249 Va. 39, 453 S.E.2d 261 (1995). The Court stated that even if an employee is acting out of his own self interest rather than the interest of the employer, if his willful and malicious acts were committed while performing the employee's duties, the evidence presents a jury issue whether the employee acted within the scope of his employment. *Id.* at 46, 453 S.E.2d at 265. By removing the employee's motive for his act from his scope of employment, the Supreme Court prevents a trial judge from deciding, as a matter of law, whether the employee's act was done with the intent to further the employer's interest, as stated in *Kensington.* Instead, the "issue is whether the service [of the employee] itself, in which the tortious act was done, was within the ordinary course of such business." *Gina Chin & Assoc., Inc. v. First Union Bank,* 260 Va. 533, 544, 537 S.E.2d 573, 579 (2000).

For this reason, the plaintiff is correct in relying on *Marjorana v. Crown Central Petroleum Corp.* as the best statement of Virginia law. 260 Va. 521, 539 S.E.2d 426 (2000). In *Marjorana,* the plaintiff alleged that she was assaulted by a gas station attendant when she attempted to pay for her gas. *Id.* The Court clearly stated, "at this stage of the proceedings, there simply are not sufficient facts which would permit us to hold, as a matter of law, that the defendant has met its burden of showing that its employee was *not* acting within in the scope of his employment." *Id.* at 527, 539 S.E.2d at 429 (quoting *Plummer v. Center Psychiatrists, Ltd.,* 252 Va. 233, 237, 476 S.E.2d 172, 175 (1996)). The allegations in *Marjorana* were very similar to the case at bar, and the Court is troubled by the fact that counsel for the Collection Specialists did not mention or at least attempt to distinguish the case.

Plaintiff alleges that after defendant Hansbury administered a blood test, an activity within the ordinary course of his employment, he sexually assaulted her. (Mot. J. at 6.) Plaintiff's Motion for Judgment contains an allegation of an injury caused by the willful and wrongful act of an employee committed in the course of the employer-employee relationship and within the scope of his employment. It alleges that Hansbury was Collection Specialists' employee, that he assaulted Cooper at his regular place of employment, and that he did so while he was performing the business of his employer for which plaintiff was the employer's customer. (Mot. J. at 4-5.) A review of the facts, and reasonable inferences therefrom, alleged in plaintiff's Motion for Judgment compels this Court to conclude that plaintiff has pleaded sufficient facts which, if proven, would create a jury issue whether Hansbury was acting within the scope of his employment. Thus, the Court overrules Defendant Collection Specialists' Demurrer. Sanctions will not be awarded at this time.