COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Alston and Russell
Argued by teleconference


TAMERA S. GILBERT

MEMORANDUM OPINION* BY
v.      Record No. 1771-16-3          JUDGE WILLIAM G. PETTY
                                      JULY 18, 2017
WISE COUNTY DEPARTMENT
 OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF WISE COUNTY
John C. Kilgore, Judge

Jeffery L. Elkins for appellant.[1]

(Jeremy B. O'Quinn; Julienne D. Hensley, Guardian *ad litem* for the
minor child; The O'Quinn Law Office, PLLC; Law Offices of
Gregory M. Kallen and Julienne D. Hensley, on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.


In this appeal, Tamera S. Gilbert argues:

I.  That the trial court committed reversible error by granting the
termination of appellant's residual parental rights without notice to
the Appellant thereby depriving her of an opportunity to be
present, and to fully and fairly litigate the issues in the case all in
violation of her 14th Amendment right to substantive and
procedural due process.
II.  The trial court committed reversible error when it terminated
residual parental rights without achieving service of process on the
parent whose rights were terminated as required by
Virginia Code section 16.1-283.
III.  The trial court committed reversible error in terminating
Appellant's residual parental rights based solely upon the
testimony of the social worker Paul Adams as his testimony did
[sic] establish by clear and convincing evidence the proof

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] By an order dated October 26, 2016, the trial court granted the motion of J. Brent
Fleming to withdraw as Gilbert's trial counsel for "good cause shown," which was not included
in the record.  Jeffrey L. Elkins was appointed at that time to represent Gilbert on appeal.

necessary and required to terminate Appellant's residual parental
rights under Virginia Code Section 16.1-283.

For the reason below, we affirm the circuit court's decision.

BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. We view the facts in the light most favorable to the prevailing party below. Porter v. Commonwealth, 276 Va. 203, 215-16, 661 S.E.2d 415, 419 (2008).

On May 2, 2016, Gilbert signed a notice of appeal of the juvenile and domestic relations district (JDR) court's April 26, 2016 order terminating her residual parental rights. Gilbert's Pennington Gap, Virginia address had been typed on the form. Pennington Gap is located in Lee County. The date of appearance for the appeal was filled in with a handwritten notation that it was "to be set by Wise Co[unty] Circuit Court." Gilbert's trial counsel subsequently submitted to the Wise County Circuit Court a "Notice" stating that a hearing date was set for July 29, 2016. The notice listed Gilbert's address in Pennington Gap. Gilbert's trial counsel asked the clerk of the circuit court to forward the notice to the Sheriff of Lee County for service of the notice on Gilbert. The notice was not served, and the Sheriff wrote "does not live at address" on the return. Gilbert did not appear at the July 29, 2016 trial, and the trial date was rescheduled for September 12, 2016.

Gilbert's trial counsel submitted another "Notice" with Wise County Circuit Court, which stated the rescheduled hearing date of September 12, 2016. Gilbert's trial counsel again asked the clerk to forward this notice to the Sheriff of Lee County for service on Gilbert. Although the return service on the first notice stated that Gilbert did not reside at the Pennington Gap address listed, Gilbert's trial counsel requested service of the second notice on Gilbert at the same

address listed on the first notice. The notice was not served; the return stated, "Does not live at address. Was advised lived in Wise Co."[2] The record contains no evidence of attempted service to Gilbert at any address other than the failed one in Pennington Gap.

On September 12, 2016, the trial court began the proceeding. Before the trial court even stated the case number, Gilbert's trial counsel interrupted, "I have not heard from her. Are you sure service was made?" At the conclusion of the proceeding, Gilbert's trial counsel stated, "We waive signing of the order." That was the full extent of participation in the proceeding by Gilbert's trial counsel.

Upon swearing in of a witness from the Foster Care Program in the Wise County Department of Social Services (DSS), the following dialogue occurred:

> By the Court: We have the failure of either parent to try and
> strength [sic] the relationship.
> By [the witness]: I couldn't locate the mother. She has been in
> and out of jail.
> By the Court: It was April 25th that the order was entered granting
> termination.
> By [the witness]: I had one contact with the mother since August
> of last year.
> By the Court: The department is moving for a finding.
> By [counsel for DSS]: We are asking to withdraw and keep it in
> Juvenile Court.
> By the Court: I will make that finding that the department has
> tried to reach the parties. I am only too glad to dismiss the
> case and find the same as Juvenile Court.
> By [counsel for DSS]: It is in the best interest.
> By the Court: No, if no contact has been made then the department
> is okay.

This was the extent of the testimony and evidence. Neither attorney questioned the witness from Wise County DSS.

---

[2] The return was stamped "received" by the Wise County Sheriff's Office on August 16, 2016, but the record does not contain any indication that the Wise County Sheriff attempted delivery.

The order withdrawing appeal stated that "[p]ursuant to proper Notice to all parties," Gilbert's failure to appear, and a motion by Wise DSS to withdraw the appeal pursuant to Code § 16.1-106.1(D), "the Court hereby ORDERS that [Gilbert's] appeal[] be withdrawn, thereby reinstating the judgment of the Wise County Juvenile and Domestic Relations Court." The order also stated that the circuit court had made "findings" regarding the best interests of the child and the failure of the parents to communicate with the child.

This appeal followed.

ANALYSIS

Rule 5A:18 states:

> No ruling of the trial court . . . will be considered as a basis for
> reversal unless an objection was stated with reasonable certainty at
> the time of the ruling, except for good cause shown or to enable the
> Court of Appeals to attain the ends of justice. A mere statement
> that the judgment or award is contrary to the law and the evidence
> is not sufficient to preserve the issue for appellate review.

The purpose of the rule is to assure "that the trial court is provided an opportunity to rule intelligently" on an objection or procedural issue raised by a party. Preferred Sys. Sols., Inc. v. GP Consulting, LLC, 284 Va. 382, 396, 732 S.E.2d 676, 683 (2012). When the issue concerns a matter of law, such as what constitutes sufficient notice, an objection will be timely so long as it is raised in a manner that gives the trial court sufficient notice of the argument and time to rule intelligently on the issue while the case remains under the court's jurisdiction, even if raised for the first time in a post-trial motion. See Majorana v. Crown Cent. Petroleum Corp., 260 Va. 521, 525 n.1, 539 S.E.2d 426, 428 n.1 (2000).

Here, Gilbert was represented at the September 12, 2016 trial, but her trial counsel made no objection to proceeding without his client present. Gilbert's trial counsel was unsure if

Gilbert had been given notice regarding the date and time of the hearing,[3] but he did not make any argument for a continuance. Gilbert's trial counsel made no argument to the court that Gilbert's lack of notice or service of process deprived Gilbert of an opportunity to be present, and to fully and fairly litigate the issue in the case in keeping with her procedural due process rights. Although the order withdrawing appeal states "Counsel for [Gilbert] objected to" the motion by Wise County DSS to deem the appeal withdrawn, no such objection by Gilbert's trial counsel is preserved in the record. The order withdrawing the appeal was signed by the judge two weeks after the September 27, 2016 proceeding, but Gilbert's trial counsel made no motion for reconsideration during that time nor in the subsequent twenty-one days. See Rule 1:1. Consequently, the circuit court had no opportunity to rule intelligently on the issue of Gilbert's failure to be physically present for the trial on termination of her residual parental rights.

Furthermore, each of Gilbert's assignments of error contends, "The trial court committed reversible error when it terminated residual parental rights" of Gilbert for the reason argued. The circuit court here, however, did not terminate Gilbert's residual parental rights. Rather, the order

---

[3] Gilbert's trial counsel commented that he had not spoken to his client and asked if she had been served. It thus appears Gilbert's trial counsel had made no attempt to contact her. We note that the Rules of Professional Conduct place the burden of communication with the client squarely on the lawyer, not the clerk of court.

> (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
> (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
> (c) A lawyer shall inform the client of facts pertinent to the matter and of communications for another party that may significantly affect settlement or resolution of the matter.

Prof. R. of Conduct 1.4. The record does not disclose efforts of Gilbert's trial counsel to communicate with her, beyond the failed "Notice" of hearings.

of the circuit court withdrew Gilbert's appeal, "thereby reinstating the judgment of the Wise County Juvenile and Domestic Relations Court" terminating Gilbert's residual parental rights.[4] We do not consider assignments of error that do not address a ruling made by the trial court. Teleguz v. Commonwealth, 273 Va. 458, 471, 643 S.E.2d 708, 716 (2007).

Because Gilbert did not object to any action by the circuit court and does not assign error to any action taken by the circuit court, we conclude Gilbert has waived these arguments on appeal.

CONCLUSION

For the reasons stated above, we affirm the ruling of the circuit court.

Affirmed.

---

[4] The circuit court's purported findings of fact included in the order withdrawing appeal became irrelevant when the appeal was withdrawn and the JDR court decision reinstated.