COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Newport News, Virginia

SONGTHARA OMKAR, JR.

MEMORANDUM OPINION* BY
v.        Record No. 0820-17-1            JUDGE ROBERT P. FRANK
                                          DECEMBER 19, 2017

TERESITA C. OMKAR

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

Walter N. Thorp for appellant.

Cindy E. Upright (Lytle Law, P.C., on brief), for appellee.

Appellant appeals an order granting appellee's motion to enforce the terms of the parties'

final decree of divorce as it relates to appellant's military retirement and appellee's interest

therein.  On August 25, 2017, appellant filed an opening brief which did not include references

to the record where his assignments of error were presented in the trial court, as required by Rule

5A:20(c).  Subsequently, this Court ordered appellant to file an amended opening brief to comply

with that Rule.  On September 22, 2017, appellant filed the amended opening brief, including

four assignments of error.  Appellant added a fifth paragraph to refer to where those issues were

preserved and stated:

> In accordance with Majorana v. Crown Cent. Petroleum Corp., 260
> Va. 521, 525 n.1, 539 S.E.2d 426, 428 n.1 (2000), the following
> assignments of errors were preserved with the trial court when
> counsel for appellant filed its Motion for Reconsideration.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

There was no other reference to any portion of the record or appendix to conform with Rule 5A:20(c). Appellee filed a motion to dismiss, contending appellant did not comply with Rule 5A:20(c).

Appellant filed his motion for reconsideration on April 13, 2017. The trial court entered final judgment on May 12, 2017, wherein appellant endorsed the order, "Seen and objected to as to division of disability retirement pay ruling based in part on parole evidence, denial of Defendant's attorney's fees."[1] The final order did not mention the motion to reconsider.

Appellant took no action to place his motion on the court's docket for a hearing. There is no order in the record to indicate that the trial court ruled on the motion.

In Juniper v. Commonwealth, 271 Va. 362, 383, 626 S.E.2d 383, 398 (2006), the Supreme Court of Virginia held that Juniper waived his assignment of error "because he was required to request a ruling from the trial court and he failed to do so." The Supreme Court of Virginia noted that "the record reflects no request for a ruling or that the trial court was even alerted to the existence of the Memorandum." Id.

While appellant, in his "Objection to Appellee's Motion to Dismiss," indicated that the trial court was aware of the motion, he does not cite any reference in the record to support that assertion.

Under some circumstances, a motion to reconsider, if timely filed and timely ruled on, can preserve issues raised in the motion. For example, in Brandon v. Cox, 284 Va. 251, 255, 736 S.E.2d 695, 697 (2012), the Supreme Court of Virginia noted that Brandon could have preserved her argument for appeal through her motion to reconsider, but there was "no evidence in the record that Brandon requested or received a ruling on her motion for reconsideration." The Supreme Court of Virginia examined Code § 8.01-384(A), which states in part:

---

[1] Appellant does not argue this endorsement preserved the issues under Rule 5A:20(c).

> Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

Id. at 254, 736 S.E.2d at 696.  It also examined Rule 5:25,[2] which states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."  Id.  "The statute and rule have been interpreted to mean that '[a] party must state the grounds for an objection so that the trial judge may understand the precise questions he is called upon to decide.'"  Id. (quoting Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010)).  "To satisfy the rule, an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error."  Id. at 254-55, 736 S.E.2d at 696 (quoting Scialdone, 279 Va. at 437, 689 S.E.2d at 724).

> Rule 5:25 exists "'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'"  Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)).  Recognizing that the purpose of the rule is not "'to obstruct petitioners in their efforts to secure writs of error, or appeals,'" this Court has consistently focused on whether the trial court had the opportunity to rule intelligently on the assigned error.  Scialdone, 279 Va. at 437, 689 S.E.2d at 724 (quoting Kercher's v. Richmond, Fredericksburg & Potomac R.R. Co., 150 Va. 108, 115, 142 S.E. 393, 395 (1928)).  The purpose of the rule is to "'put the record in such shape that the case may be heard in this [Court] upon the same record upon which it was heard in the trial court.'"  Id.

Id. at 255, 736 S.E.2d at 696.

---

[2] Rule 5:25 of the Supreme Court and our Rule 5A:18 are equivalent.

The Supreme Court of Virginia concluded:

> Because the purpose of Rule 5:25 is to ensure that the trial court has the opportunity to rule upon an argument, the record must affirmatively demonstrate that the trial court was made aware of the argument. "'If [the] opportunity [to address the issue] is not presented to the trial court, there is no ruling by the trial court on this issue, and thus no basis for review or action by this Court on appeal.'" Scialdone, 279 Va. at 437, 689 S.E.2d at 724 (quoting Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006)).

Id. at 256, 736 S.E.2d at 697.

Here, the record does not indicate that the trial court had the opportunity to consider or rule on appellant's motion to reconsider. Appellant's reliance on Majorana is misplaced. Unlike in the instant case, Majorana filed a motion to reconsider and the trial court ruled on that motion. Majorana, 260 Va. at 525, 539 S.E.2d at 428. The Supreme Court of Virginia concluded that because the trial court ruled, Majorana adequately preserved the issue on appeal. Id. at 525 n.1, 539 S.E.2d at 428 n.1.

Thus, we conclude that appellant's citation to his motion to reconsider fails to comply with Rule 5A:20(c). We therefore dismiss the appeal for failure to comply with Rule 5A:20(c). See Brooks v. Commonwealth, 61 Va. App. 576, 586, 739 S.E.2d 224, 229 (2013) ("Dismissal is appropriate here where counsel for appellant, despite multiple opportunities to cure the defect in his [opening brief], did not do so.").

We further grant appellee's request for attorney's fees and costs and remand to the trial court for such a determination including fees and costs incurred on the remand.

Dismissed and remanded.